## COLLECTION OF COSTS FROM COUNTY IN WORKHOUSE CASES.

Circuit Court of Cuyahoga County.

CHARLES P. SALEN v. STATE OF OHIO, EX REL, ETC.

Decided, June 2, 1911.

*County Commissioners—Contract for Care of Prisoners in Workhouse— Such Prisoners Pay their Fines by their Labor—Receipt Thereof by County Treasurer—Clerk's Fees.*

1. The county commissioners may contract for the care of persons convicted of misdemeanors, in a workhouse of a municipality within the county.

2. The provision in Section 4151, General Code, for sentencing a prisoner to the workhouse "until he be discharged at the rate of sixty cents per day for each day of confinement," means that the prisoner pays his fine, at the rate of sixty cents a day, by his labor.

3. Where it appears that the amount to be paid by the county for the care of prisoners in the city workhouse is decreased by the amount realized from the work of the prisoners, the clerk of courts may collect of the county treasurer his fees in cases in which said prisoners were convicted.

*Smith, Taft & Arter,* for plaintiff in error.
*John A. Cline* and *W. D. Meals,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The prosecuting attorney of Cuyahoga county brought an action against Charles P. Salen, to recover from him certain fees alleged to have been unlawfully charged and collected by him as clerk of the courts of said county.

The clerk answered, setting up his defense, and a demurrer to his answer to the first cause of action stated in the petition was sustained. This is the only ruling in the case brought to this court for review.

Said answer to the first cause of action is as follows:

"Defendant admits that at various times while he has been county clerk he has presented to the board of county commis-

sioners, bills for costs accruing to him as said clerk, aggregating $1,980.43, and that these costs accrued in actions wherein the defendants were convicted of misdemeanors and were actually sentenced to the workhouse, under the control of the city of Cleveland, a municipal corporation within the limits of said county, and that in each instance the defendants were unable to pay said costs, and said defendants were confined to the workhouse until they were discharged therefrom, by reason of the provisions of the law entitling them to a credit of a per diem allowance of 60c per day; that each of said bills was allowed by the board of county commissioners, and defendant further avers that said allowance was made on the approval of the other county officers, and alleges that said allowance was in all respects in accordance with the law and made with full authority.

"Defendant further alleges that the county of Cuyahoga has no workhouse, and that it has an agreement with the city council of the city of Cleveland, and that by reason thereof the amount to be paid by the county for the care of said prisoners is decreased in the amount realized from the work of said prisoners.

"Defendant further alleges that an objection was heretofore made to the allowance of claims of this character at the time a predecessor of this defendant was in office, to-wit, one Henry W. Kitchen. That therefore said Kitchen caused to be instituted in the court of common pleas an action in mandamus against the board of county commissioners, being cause number 22269 in said court. That said cause came on to be heard before Hon. G. M. Barber, then a judge in the Court of Common Pleas of Cuyahoga County, Ohio, and in said action he expressly ordered the commissioners to pay to the relator, 'in every case in which judgment was affirmed, the costs paid by plaintiff in error either by labor in the workhouse of the city of Cleveland, or otherwise.' That said judgment is unreversed and still in full effect and force, and a complete determination of the first cause of action, and has been generally acquiesced in by all of the officers of Cuyahoga county having to do with the allowance of claims of this character, until the state board of examiners determined in their minds that the decision of the court heretofore made was not in accordance with the views held by said board."

Now it is said that this answer is bad for several reasons:

*First.* Because the statute gives no authority to the county commissioners to make a contract for care of persons convicted of misdemeanors, in a workhouse of a municipality within the county.

The point appears to be well taken on the face of the statute, which is now General Code, Section 12384, and in fact reads as follows:

"The commissioners of a county, or the council of a municipality wherein there is no workhouse, may agree with the city council, or other authority having control of the workhouse of a city in any other county, or with the board of district workhouses, having a workhouse, upon what terms and conditions persons convicted of misdemeanors or of the violation of an ordinance of such municipality having no workhouse, may be received into such workhouse under sentence thereto."

Of course, this result was not intended by the Legislature. Its purpose was to authorize county commissioners to contract with the authorities of workhouses within the county if any, or without the county, if none within. This seems clear from an inspection of Section 4128, General Code, which reads:

"When a person is convicted of an offense under the law of the state and the tribunal before which the conviction is had is authorized by law to commit the offender to the county jail, the court may sentence the offender to the workhouse, if there is such in the county."

In the case of *Kimbleawecz* v. *State,* 51 O. S., 228, 229, this statute was held to mean that a defendant convicted in Cuyahoga county should be sentenced to the Cleveland workhouse. Indeed, this court, in case No. 3924, *City of Cleveland* v. *Commissioners of Cuyahoga County,* affirmed by Supreme Court without report, 80 O. S., 752, specifically held that the commissioners of Cuyahoga county are authorized to contract with the council of the city of Cleveland for the care of prisoners in the Cleveland workhouse.

*Second.* It is said that the provisions of law respecting persons in workhouse working out their fines, do not accomplish a payment of said fines inuring to the benefit of the county. The statute in question is now Section 4151, General Code, the last clause of which reads as follows:

"In all cases where a fine may be imposed in punishment of an offense, in whole or in part, and the court or magistrate could order that such person stand committed to the jail of the county

until such fine and the costs of prosecution are paid, the court or magistrate may order that such person stand committed to the workhouse until such fine and costs are paid, or until he be discharged at the rate of sixty cents per day for each day of confinement, or be otherwise legally discharged."

The question is whether the phrase "until he be discharged at the rate of sixty cents per day for each day of confinement" intended that the prisoner pay his fine at the rate of sixty cents a day, by his labor, or is a mere provision for discharge, so that the prisoner be not confined for life.

A test of this question might be invented by putting it in another form, and assuming a situation which would call for its incidental adjudication.

Suppose a man had been fined $18 and committed to the workhouse until the fine should be paid.  At the end of ten day's confinement a friend offers to pay his fine for him.  How much must be paid to procure his discharge, the full amount of the fine, $18, or $12, the balance after deducting the ten days at sixty cents per day.

Judge Okey in the case of *Cleveland* v. *Jewett*, 39 O. S., 271, at 272 said:

"A person thus committed to a workhouse may, at any time, pay the amount or *balance* of his fine and costs in money and obtain a release."

The answer to the hypothetical question is thus clearly seen to be $12.  Hence, the prisoner pays his fine at the rate of sixty cents per day.

In order that the clerk may collect his fees of the county, it must also appear that the county treasury has received the fine thus paid by the workhouse prisoner, and on this point the clerk's answer alleges that by reason of said agreement with the city council of the city of Cleveland "the amount to be paid by the county for the care of said prisoners is decreased in the amount realized from this work of said prisoners."

The truth of this allegation is admitted by the demurrer.  We think it completes the clerk's defense, and entitles him to the fees claimed.

The demurrer to the answer to the first cause of action should have been overruled, and for error in sustaining it the judgment is reversed.